IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | |
|---|---|
| MUELLER SUPPLY COMPANY INC., d/b/a MUELLER INC, § § § | |
| Plaintiff, § | |
| vs. § | Case No. 6:25-CV-00041-H |
| § | |
| OCCUPATIONAL SAFETY AND HEALTH ADMINISTRATION, § § § | |
| Defendant. § | |

### PLAINTIFF'S REPLY SUPPORTING ITS MOTION TO QUASH OSHA'S INSPECTION WARRANT

Plaintiff, Mueller Supply Company, Inc., respectfully requests that the Court grant its Motion to Quash OSHA's Inspection Warrant (Dkt. 1). Mueller makes this request because OSHA failed to provide a sufficient factual basis to establish administrative probable cause, as required by law, for the inspection of its worksite. The facts OSHA presented in support of the warrant do not meet the legal standard, which requires a clear and sworn showing of specific evidence justifying the inspection. OSHA's explanation for initiating the inspection is inconsistent with what the law requires to establish administrative probable cause under oath. Instead of addressing the substantive merits of Mueller's motion, OSHA has avoided the core legal issues and relied on mootness arguments, failing to provide a transparent or adequate justification for its actions. OSHA's position is both incorrect and unsupported by the applicable legal standards.

This case is not moot because an immediate and ongoing case or controversy exists. The Court's Order temporarily staying OSHA's execution of the warrant pending further review (Dkt. 6) halted the 10-day period with six days remaining, which alone should be sufficient for the Court to recognize the immediate case at issue for review. Moreover, the injuries to Mueller caused by

1

OSHA's unconstitutional search and seizure are ongoing. Rather than act in possible contempt of court, Mueller did not interfere with OSHA's execution of the site inspection portion of the warrant, which occurred on May 7 and 8. During its unconstitutional search, OSHA obtained photographs, recordings, notes, and other proprietary information, which it still possesses today. OSHA's ongoing possession of Mueller's property is an ongoing and active violation of Mueller's concrete interest(s), which belies any suggestion of mootness. Finally, even if the case were moot, which it is not, the exceptions to the mootness doctrine (voluntary cessation and capable of repetition yet evading review) apply.

Therefore, Mueller respectfully requests that the Court grant the Motion to Quash and enter an order directing that OSHA delete or return all evidence obtained under the warrant, prohibit it from using any such evidence in ongoing inspection activities or as the basis for any citation items, and grant any other relief that the Court deems just and appropriate to remedy OSHA's unlawful search and seizure.

**I.     FACTS**

**A.  Pre-Warrant Justification for Search and Seizure.**

On February 13, 2025, Compliance Officer Gary Stephan Hill ("CO Hill") initiated an inspection of Mueller's facility. At that time, CO Hill stated that he was initiating the inspection because he had driven all the way to Ballinger to inspect a different employer but could not conduct that inspection. According to CO Hill, he did not drive all the way to Ballinger for nothing. Thus, it was Mueller's "lucky or unlucky day." Nevertheless, Mueller consented to CO Hill's fishing expedition and cooperated with a seven (7) hour facility inspection, produced more than 7,000 pages of documents, and presented five witnesses for interviews. However, when CO Hill

demanded a second full-facility inspection, Mueller withdrew its consent. The pretextual inspection warrant followed.

### B. Pre-Inspection Discussions Between Mueller and OSHA.

On May 6, 2025, Mueller was contacted by CO Hill and Assistant Area Director Sean Tynes, who stated OSHA had an inspection warrant and wanted to confirm Mueller would not interfere with the execution of the warrant. Mueller attempted to negotiate with OSHA regarding the more objectionable portions of the warrant. Particularly, Mueller sought to define the unconstitutionally vague scope of the warrant, including restrictions on counsel's ability to represent Mueller during the inspection. OSHA responded: accept the warrant as written or face contempt of court. *See* Exhibit 1, 5/6/25 Email with John Bradley. Rather than risking contempt of court, Mueller did not interfere with the worksite inspection on May 7 and 8, 2025.

### C. The Search and OSHA's Voluntary Cessation.

On May 7 and 8, 2025, OSHA searched Mueller's worksite. The search covered the entire 438,196 square foot facility, including the admin office building, panel and trim shop, maintenance shop, fabrication shop and laydown yard *See* Exhibit 2, Declaration of Tim Dowell. As a result of the search, OSHA now possesses photographs, recordings, notes, and other proprietary information related to Mueller's worksite and processes. *Id.* On May 9, 2025, the Court issued its order staying execution of the warrant. Following the issuance of the stay order, OSHA requested additional interviews and other documents. *Id*. Mueller informed OSHA that it would not cooperate until the court ruled on the motion to quash. *Id.* On May 20, 2025, OSHA contacted counsel stating it was told to "hold off." *See* Exhibit 3, Declaration of Jeff Leslie.

## II.     ARGUMENT AND AUTHORITY

The mootness doctrine originates from Article III of the Constitution, which grants federal courts the authority to decide cases and controversies. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). However, "as long as the parties have a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Dierlam v. Trump*, 977 F.3d 471, 477 (5th Cir. 2020). Here, OSHA's assertion that this case is moot is misplaced.

### A.     A Case and Controversy Exists Because the Court Can Still Provide Mueller Meaningful Relief.

OSHA argues that this case is moot because (1) the 10-day inspection period authorized by the warrant has allegedly expired, and (2) the administrative inspection is complete. Both assertions are incorrect.

The Court entered an Order on May 2, 2025, staying execution of the warrant pending further review. (Dkt. 6.) Thus, if the Court denies the motion to quash, the warrant will remain valid for six (6) days. Second, even if the inspection is "complete," OSHA nonetheless remains in possession of Mueller's property and evidence unlawfully obtained in violation of Mueller's constitutional protections. Implicit in Mueller's Motion to Quash is a request for destruction or return of all evidence of all kinds, including photographs, recordings, notes, and observations obtained under the unconstitutional warrant.[1] *See In re Grand Jury Subpoena Dated December 17, 1996,* 148 F.3d 487, 490 (5th Cir. 1998) ("A motion to quash a grand jury subpoena is not moot even though documents have been produced in compliance with the subpoena and turned over to

---

[1] To the extent this relief is not addressed by the court in its order on the pending motion, Mueller intends to file a separate motion seeking this specific relief.

the grand jury because a court can still grant a party some relief by ordering the return or destruction of the documents produced.")

Notwithstanding the live case and controversy stemming from the time balance required to execute the warrant given the Court's stay order, federal courts retain "general equitable jurisdiction" over the return of property and information unlawfully seized by OSHA. *See Richey v. Smith*, 515 F.2d 1239, 1243 (5th Cir. 1975). In exercising its discretion, the Court considers the most important factor: whether, "in seizing the property [the Government] displayed a callous disregard for [Mueller's] constitutional right." *Id*. However, because the Government has not responded to Mueller's substantive argument, Mueller cannot fully brief the issue currently. Still, the Government cannot dispute that it continues to possess Mueller's proprietary documents and data, nor can it deny that it intends to use that material as the basis for future enforcement. Those ongoing consequences flow directly from the challenged warrant and preserve the case-or-controversy requirement. *See U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 395–96 (1980) ("[W]hen the issues presented are … live and the parties retain a legally cognizable interest in the outcome, the case is not moot.").

To this end, OSHA's reliance on *In re Establishment Inspection of Manganas Painting Co.*, 104 F.3d 801 (6th Cir. 1997) is inapposite.  In *Manganas*, the employer sought only to vacate the warrant; it did not seek other forward-looking relief, and the warrant had expired. In this case, Mueller's pursuit of remedies beyond quashing the live and active warrant distinguishes *Manganas*. Indeed, OSHA's continued possession of evidence obtained in violation of Mueller's constitutional rights creates a live controversy that did not exist or was not addressed in *Manganas*.

### B. OSHA Failed to Prove Mootness Under the Voluntary Cessation Rule.

OSHA has failed to meet its burden of establishing mootness. The burden of proof regarding mootness depends on when and why the allegedly unlawful conduct ceased. "[A] defendant claiming that its voluntary compliance moots a case bears the formidable burden of showing that it is clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc.,* 528 U.S. 167, 190 (2000). However, "in a lawsuit brought to force compliance, it is the plaintiff's burden to establish standing by demonstrating that, if unchecked by the litigation, the defendant's allegedly wrongful behavior will likely occur or continue, and that the threatened injury is certainly impending." *Id*. Here, OSHA was still actively enforcing the warrant on May 9, 2025, when the court issued its stay order. Exhibit 2, Declaration of Tim Dowell. The enforcement of the warrant only ceased when the court issued its order. *Id*. Thus, the Government has the burden of proving that the alleged wrongful behavior could not reasonably be expected to recur. It has failed to make such a showing here. Nothing prevents OSHA from revisiting Mueller's facility for a follow-up "monitoring" inspection. Therefore, the controversy is not moot.

### C. Mueller's Injury Is Capable of Repetition Yet Evades Review.

Even if the case is arguably moot, which it is not, the capable of repetition, yet evading review exception, prohibits dismissal of this matter. The exception applies where: "(1) the challenged action is in its duration too short to be fully litigated before cessation or expiration, and (2) there is a reasonable expectation that the same complaining party will be subject to the same action again." *Smith v. Edwards*, 88 F.4th 1119, 1125 (5th Cir. 2023). Inspections under short-term administrative warrants, by their nature, evade judicial review: the warrant is typically executed within days, well before a Court can adjudicate a motion to quash. Meanwhile,

6

manufacturers like Mueller operate under a continuing regulatory regime that exposes them to serial inspections. Therefore, OSHA's reliance on the warrant's expiration highlights, rather than resolves, the exceptional circumstance that warrants judicial scrutiny. Moreover, the Fifth Circuit has plainly stated that employers have no right to a pre-execution contest of the validity of an administrative warrant. *See Trinity Marine Products, Inc. v. Chao*, 512 F.3d 198, 202 (5th Cir. 2007) (affirming OSHA's right to use the U.S. Marshall's service to enforce administrative warrants). Thus, the first prong of the exception is satisfied.

Additionally, Mueller reasonably expects it to be subject to the same action again. After the Court's order staying the execution of the warrant but before OSHA learned of the order, OSHA requested interviews and documents from Mueller. *See* Declaration of Tim. Shortly thereafter, OSHA left Mueller's counsel a voicemail stating he was told to "just hold off." *See* Exhibit 3 to the Declaration of Jeff Leslie. Thus, it appears that there is outstanding information OSHA still wants or needs for its inspection. Absent Mueller's cooperation, there is an undeniable risk that OSHA will seek a second inspection warrant. Therefore, Mueller reasonably expects it to be subject to a second unlawful search and seizure in violation of the Fifth Amendment to the United States Constitution. Because the Government's unlawful conduct is capable of repetition yet evading review, it is not barred by OSHA's assertion of mootness.

**D.      Collateral Legal Consequences Prevent a Finding of Mootness.**

A request for relief is not moot where "the petitioner would suffer collateral legal consequences from the challenged decision." *Mendoza-Flores v. Rosen*, 983 F.3d 845, 847 (5th Cir. 2020). *In the Matter of Establish Inspection of Metal Bank of Am., Inc.,* the Third Circuit recognized that a motion to quash a fully executed warrant was not barred by mootness because "the appeal presents 'possible collateral legal consequences' because OSHA may yet issue

citations based on evidence gathered in the extended inspection." 700 F.2d 910, 914 (3d Cir. 1983). Although in *Metal Bank* the Third Circuit dismissed the appeal for failure to exhaust administrative remedies through the Occupational Safety and Health Review Commission ("OSHRC"), that justification does not apply here because Mueller cannot exhaust its administrative remedies in a constitutionally sufficient venue. *See Jarkesy v. SEC*, 34 F.4th 446, 463 (5th Cir. 2022), *aff'd on other grounds*, 144 S. Ct. 2117 (2024).

In the Fifth Circuit's *Jarkesy* decision, the court held that SEC ALJs were unconstitutionally insulated from presidential control by multiple layers of removal protection: the ALJs may be removed by the agency "only for good cause established and determined by the Merit Systems Protection Board [("MSPB")]." 5 U.S.C. § 7521(a). And the MSPB's members may be removed by the President only for "inefficiency, neglect of duty, or malfeasance in office." 5 U.S.C. § 1202(d). The Fifth Circuit concluded the presence of "[t]wo layers of for-cause protection" impedes the President's ability to control these ALJs and thus violates the Constitution. *Jarkesy*, 34 F.4th at 463. The same statutes that unconstitutionally protected SEC ALJs through two layers of for-cause removal restriction, *see* 5 U.S.C. §§ 1202(d), 7521(a), apply equally to OSHRC ALJs. 29 U.S.C. § 661(e); *see also* 5 U.S.C. § 7521. Because OSHRC's ALJ procedures are unconstitutional, Mueller lacks a constitutionally sufficient remedy to the collateral consequences of OSHA's unlawful inspection.

Additionally, Mueller will suffer additional collateral legal consequences in the form of an extended limitation period. OSHA inspection began on February 13, 2025. If OSHA were to issue citations, it would be required within six months of that date. 29 U.S.C. § 658(c). However, because the limitations period is based on the date of "occurrence" and not the initiation of an inspection, the unlawful execution of the administrative warrant had the effect of potentially

8

extending OSHA's statute of limitations. This collateral legal consequence overcomes the Government's assertion of mootness.

### E. Production of the OSHA's Affidavit

The Court has inherent supervisory powers over cases, which means it can address collateral issues. See *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) ("That the court loses jurisdiction over the litigation does not, however, deprive the district court of its inherent supervisory powers.") Indeed, even after a case terminates, the court retains jurisdiction to consider collateral issues such as sanctions, costs, attorney's fees, or contempt. *Id.* In this regard, the court should exercise its collateral jurisdiction in two ways. First, it should review the sealed affidavit submitted by OSHA to obtain the administrative warrant and determine whether the Court has the same questions Mueller has. Second, the Court should order that OSHA produce a copy of the sealed affidavit and establishment inspection cycle lists to Mueller.

If Mueller's motion is moot, it may seek leave to amend its Complaint, adding a claim under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). However, Mueller cannot determine the viability of such an action without a copy of the affidavit and inspection cycle lists. Therefore, to further judicial economy, the court should order the production.

## Conclusion

Plaintiff respectfully requests that the Court (1) grant Mueller's motion to quash; (2) order the immediate return or destruction of all evidence collected under the warrant; (3) prohibit the use of such evidence in any enforcement action; (4) deny OSHA's request for dismissal; (5) order that OSHA produce the warrant affidavit and establishment inspection cycle lists; and (6) grant all further relief to which Mueller is justly entitled.

Respectfully submitted,

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


*/s/ Jeff T. Leslie*
Ryan J. Swink
Texas Bar No. 24107940
500 Dallas Street, Suite 2100
Houston, Texas 77002
(713) 655-0855
(713) 655-0020 Fax
ryan.swink@ogletree.com
*Pro Hac Vice Forthcoming*

Jeff T. Leslie
Texas Bar No. 24091294
Preston Commons West
8117 Preston Road, Suite 500
Dallas, TX 75225
(214) 987-3800
(214) 987-3927 Fax
jeff.leslie@ogletree.com

Phillip B. Russell
Florida Bar. No 0067199
100 N. Tampa Street, Suite 3600
Tampa, FL 33602
(813) 289-1247
(813) 289-6530 Fax
phillip.russell@ogletree.com
*Pro Hac Vice*


**ATTORNEYS FOR PLAINTIFF**

10

## **CERTIFICATE OF SERVICE**

    I hereby certify that on June 16, 2025, I electronically filed the foregoing with the Clerk of the Court using the electronic filing system, which will send notification of such filing to all counsel of record.

                                                 */s/ Jeff T. Leslie*
                                                Jeff T. Leslie

90593832.v1-OGLETREE